# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR ULISES PEREZ SALMERON,<br><br>Petitioner,<br><br>v.<br><br>PAM BONDI, et al.,<br><br>Respondents. | Case No. 1:25-cv-01067-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS AND DENIAL OF APPLICATION FOR TEMPORARY RESTRAINING ORDER<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE AND UPDATE PETITIONER'S ADDRESS |

Petitioner is a federal immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On August 25, 2025, Petitioner filed the instant federal petition for writ of habeas corpus, claiming asylum and requesting withholding of removal under the Convention Against Torture ("CAT"). In addition, Petitioner seeks an ex parte temporary restraining order ("TRO") for release from detention and stay of removal. (ECF No. 1 at 5.[1])

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

1

to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

### A. Asylum and CAT Claims

The INA [Immigration and Nationality Act] contains a provision entitled "Exclusive means of review," which reads, in relevant part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means* for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.

8 U.S.C. § 1252(a)(5) (emphasis added). The language of the statute is clear. The exclusive means to challenge an order of removal is the petition for review process. Martinez v. Napolitano, 704 F.3d 620, 622 (9th Cir. 2012). "The INA also contains a 'zipper clause' that consolidates all 'questions of law and fact ... arising from any action taken or proceeding brought to remove an alien' into a petition for review." Id. (quoting 8 U.S.C. § 1252(b)(9)). "This statutory scheme was designed to 'limit all aliens to one bite of the apple with regard to challenging an order of removal.'" Martinez, 704 F.3d at 622 (quoting Singh v. Gonzales, 499 F.3d 969, 976 (9th Cir. 2007)).

Section "1252(b)(9) has built-in limits. By channeling only those questions 'arising from any action taken or proceeding brought to remove an alien,' the statute excludes from the PFR [petition for review] process any claim that does not arise from removal proceedings." J.E.F.M. v. Lynch, 837 F.3d 1026, 1032 (9th Cir. 2016). "Accordingly, claims that are independent of or collateral to the removal process do not fall within the scope of § 1252(b)(9)." Id. Thus, "an immigrant c[an] challenge his [prolonged] administrative detention by filing a petition for a writ of habeas corpus in district court, notwithstanding § 1252(b)(9)." Id. (citing Nadarajah v. Gonzales, 443 F.3d 1069, 1075–76 (9th Cir. 2006)). On the other hand, claims that "are bound up in and an inextricable part of the administrative process" fall within the scope of § 1252(b)(9) and must be raised through the PFR process. J.E.F.M., 837 F.3d at 1033.

Here, Petitioner is claiming asylum and requesting withholding of removal under CAT. (ECF No. 1 at 5.) As Petitioner's claims "are bound up in and an inextricable part of the administrative process," they fall within the scope of § 1252(b)(9) and "must be channeled through the PFR process." J.E.F.M., 837 F.3d at 1032. Accordingly, Petitioner's asylum and CAT claims should be dismissed.

### B. Temporary Restraining Order

Petitioner also seeks a TRO for release from detention and stay of removal. (ECF No. 1 at 5.) The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

In support for his TRO request, Petitioner cites to Hernandez v. Lyons, 2025 WL 20019969, 2025 U.S. Dist. LEXIS 116789 (C.D. Cal. June 18, 2025). However, Hernandez is distinguishable from the instant matter and does not provide support for Petitioner's release and stay of removal. In Hernandez, the petitioner had been released on bond for approximately two and a half years, had been granted protection against removal under CAT, and was arrested and detained by U.S. Immigration and Customs Enforcement ("ICE") when he attended a regular Intensive Supervision Appearance Program ("ISAP") check-in. Hernandez was transferred from an ICE facility in Santa Ana, California to an ICE facility in El Paso, Texas, and there was "evidence before the court indicat[ing] that the government is taking sufficient practical steps to remove Petitioner from the United States." Id. at *2, 4–6, 12. In contrast, here, there is no evidence before this Court indicating that the government is taking sufficient practical steps to remove Petitioner from the United States. Further, Petitioner has not provided sufficient information for the Court to determine whether his detention is unlawful. See Demore v. Kim, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally

permissible part of that process."); Lopez v. Garland, 631 F. Supp. 3d 870, 877, 879 (E.D. Cal. 2022) ("find[ing] that unreasonably prolonged mandatory detention under 8 U.S.C. § 1226(c) without an individualized bond hearing violates due process" and considering "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government" to "determine whether § 1226(c) detention has become unreasonable"). Accordingly, Petitioner has not established that he is likely to succeed on the merits and thus, the application for a TRO should be denied.

### III.
### RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED and the application for TRO be DENIED.

Further, the Clerk of Court is DIRECTED to:

1. Randomly assign this action to a District Judge; and
2. Update Petitioner's address to:

> A-Number 218147844
> ERO El Paso Camp East Montana
> 6920 Digital Road
> El Paso, TX 79936[3]

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court, **limited to fifteen (15) pages in length, including any**

---

[3] Petitioner was previously incarcerated at Avenal State Prison, and that is the institutional address Petitioner provided on the petition. (ECF No. 1 at 1.) However, the petition also states that Petitioner is "done with [his] state-time" and is "in federal custody with United States Immigration" but does not provide any information regarding the immigration detention facility. (Id. at 5.) According to the ICE Online Detainee Locator System, Petitioner is currently at the ERO El Paso Camp East Montana. See ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search (results for "Cesar Perez Salmeron") (last visited Oc. 21, 2025). It is Petitioner's responsibility to keep the Court apprised of his current address at all times. Local Rule 183(b). Absent notice of a party's change of address, service of documents at the prior address of the party is fully effective. Local Rule 182(f). However, in the interest of justice, the Court will make an exception and update Petitioner's address so that Petitioner may receive the findings and recommendation and file any objections thereto.

**exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 22, 2025**

STANLEY A. BOONE
United States Magistrate Judge